NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

15-P-100                                          Appeals Court

MARGOT E. FROST-STUART  vs.  CHARLES F. STUART.

No. 15-P-100.

Middlesex.     April 15, 2016. - September 27, 2016.

Present:  Cypher, Agnes, & Massing, JJ.

Divorce and Separation, Alimony, Child support, Modification of judgment.  Parent and Child, Child support.  Contempt. Practice, Civil, Contempt.

Complaint for divorce filed in the Middlesex Division of the Probate and Family Court Department on March 4, 2010.

A complaint for modification and complaints for contempt were heard by George F. Phelan, J., and a motion for reconsideration was considered by him.

Kelly L. Petrakis (Karen W. Stuntz with her) for the mother.
Alexander D. Jones for the father.

CYPHER, J.  Margot E. Frost-Stuart (mother) appeals from a modification judgment, as amended, of the Probate and Family Court terminating alimony and increasing child support paid by her former husband, Charles F. Stuart (father), and also

disposing of several complaints for contempt.[1]  We affirm in part and vacate in part.

Background.  After fifteen years of marriage, the parties divorced in July, 2010, pursuant to a judgment of divorce nisi. The separation agreement (agreement), which was incorporated into the judgment, required the father to pay to the mother a minimum amount of $63,000 each year as alimony[2] and $4,750 each month as child support.[3]  The agreement further provided that the father's "support obligation may be reviewed and adjusted upon a change in circumstances, including but not limited to . . . his loss or change of employment, [or] the [mother's] cohabitation with a dating partner."

The parties share legal custody of their three children, aged ten, seven, and four years at the time of the modification judgment.  The father remarried and has two children with his new wife.  The mother has cohabited with her boy friend since

---

[1] The mother also appeals from the order denying her motion for reconsideration.

[2] Under the terms of the agreement, the father's alimony obligation was on a sliding scale correlating to the amount of his annual bonus income, with a minimum payment of $63,000 each year regardless of his receipt of bonus income.  By agreement of the parties, most of the alimony provisions merged into the divorce judgment.

[3] At the time of the parties' divorce, the father was earning $519,201 per year; at the time that the modification judgment entered in 2014, the father's annual income had increased to $633,984.

September, 2010.  The father has been employed as a portfolio manager at two successive investment management companies, and the mother has been out of the workforce for many years.

In March, 2013, the father filed a complaint for modification,[4] primarily seeking termination of alimony on the basis that the mother had been cohabitating with a dating partner for more than three months, and that the father had a new job with fee-based income and no longer received an annual bonus.  The mother counterclaimed, requesting that the father's child support payments be increased if alimony payments are reduced or terminated.  Between May 24, 2013, and February 14, 2014, the parties filed seven complaints for contempt -- six filed by the mother against the father and one filed by the father against the mother.  In a decision dated April 29, 2014, after trial on the consolidated complaints and counterclaims, a judge of the Probate and Family Court terminated the father's alimony obligation and increased his child support payments from $4,750 to $5,529 per month.  Thereafter, the judge ruled on a motion for relief from judgment based on clerical errors, filed by the mother.  In a margin notation, the judge effectively amended the modification judgment to reflect that the father did not make alimony payments of $49,975 in 2013 and that the father

---

[4] There is no dispute on appeal regarding the judge's disposition of the mother's earlier complaint for modification regarding the parenting coordinator.

owes the mother an additional $33,000 in the form of retirement assets.[5]  The judge did not write further findings of fact or conclusions of law, nor did he order the entry of a corrected or amended judgment.  This appeal followed.

Termination of alimony.  In terminating alimony, the judge expressly relied on the Alimony Reform Act, G. L. c. 208, §§ 48-55 (act), citing the mother's cohabitation.[6]  In January, 2015, the Supreme Judicial Court held that the act's cohabitation provision applies only prospectively to support obligations established after the act's effective date of March 1, 2012.  Chin v. Merriot, 470 Mass. 527, 529 (2015).  Without the benefit of Chin, the judge applied an improper standard.

Because the divorce judgment that established the alimony obligation entered prior to the effective date of the act, we apply "the standards for modification existing at the time the

---

[5] It appears that neither the mother's motion nor the judge's action on it was entered on the trial court docket.  The judge's action on the motion constitutes an amendment to the judgment, which also never was entered on the docket.  Although procedural requirements were not observed, the parties do not challenge either the procedure or the substance of the amendment.

[6] The judge held that "[a]s for alimony, Alimony Reform Law mandates the termination of alimony upon the cohabitation of the alimony recipient."  The act's cohabitation provision states that "[g]eneral term alimony shall be suspended, reduced or terminated upon the cohabitation of the recipient spouse when the payor shows that the recipient spouse has maintained a common household . . . with another person for a continuous period of at least [three] months."  G. L. c. 208, § 49(d), inserted by St. 2011, c. 124, § 3.

judgment entered." Id. at 535. Where, as here, "parties to a divorce negotiate an agreement for alimony that is 'incorporated and merged into'" a judgment of divorce, "the judgment . . . is subject to modification based on a material change in circumstances." Id. at 534-535 (citation omitted). Under that familiar standard, if, "as a result of cohabitation, the recipient spouse's economic circumstances have materially changed, then the court may alter or eliminate alimony." Gottsegen v. Gottsegen, 397 Mass. 617, 625 (1986). "However, a judge may not modify a judgment solely on the basis of a finding of cohabitation." Ibid.

Even if the judge had applied the standard of a material change of circumstances, we have not been directed to anything in the record that would support his decision to terminate alimony. The first inquiry is whether the mother's cohabitation gave rise to a material change in circumstances. This must be determined, in pertinent part, on the basis of a change in her need of financial support. Although the mother's cohabitation may serve to reduce her household expenses or slightly increase her income, further fact finding is necessary to determine whether this is likely to eliminate her need for alimony

altogether.[7] Moreover, the father's change of employment has resulted in a higher annual income and a greater ability to pay alimony.[8] The parties anticipated such a change by including in the agreement an annual review and a potential adjustment if the father's income changed. Traditional concepts of alimony remain unchanged. That is, "[i]f a supporting spouse has the ability to pay, the recipient spouse's need for support is generally the amount needed to allow that spouse to maintain the lifestyle he or she enjoyed prior to termination of the marriage." Pierce v. Pierce, 455 Mass. 286, 296 (2009).

We therefore hold that the judge erred in terminating alimony. On remand, the judge must determine whether a modification of the father's alimony obligation is warranted by considering such factors as the father's increased income resulting from a change in employment; the parties' expenses; the parties' marital lifestyle as compared to their current lifestyles; and the agreed-upon alimony obligation, as set forth in the agreement.

---

[7] The judge attributed an annual household contribution of $27,000 from the mother's cohabiting boy friend, and an annual income of $16,628 (minimum wage) to the mother.

[8] As we stated in note 3, supra, the father was earning $519,201 at the time of the divorce, and $633,984 at the time of the modification judgment. In the same period, the father's reported expenses decreased from $6,867 per week to $5,684 per week.

Modification of child support.  Having concluded that termination of alimony was error, there also must be a recalculation of child support because the judge increased the child support order based, in part, on the termination of the father's alimony obligation.

We address an issue that might arise again on remand.  In calculating the modified child support order, the judge attributed an annual earning capacity of $16,628 (minimum wage) to the mother, who is unemployed.  He also attributed to the mother an annual contribution of $27,000, representing the entirety of the cohabitating boy friend's annual Social Security disability income benefits.  The mother argues that the judge erred in attributing income to her and to her boy friend for the purpose of calculating child support.

"Public policy dictates that children be supported by the financial resources of their parents insofar as is possible." M.C. v. T.K., 463 Mass. 226, 231 (2012).  In determining child support, the definition of income is flexible and the discretion afforded judges is broad.  Murray v. Super, 87 Mass. App. Ct. 146, 155 (2015).  "Nevertheless, that discretion is not without bounds."  Ibid.

The Massachusetts Child Support Guidelines permit attribution of income to either party upon a finding that a party is earning less than he or she could through reasonable

effort. See Massachusetts Child Support Guidelines § I-E (2013). Here, the judge found that the mother's efforts to organize her art supplies and to find employment online did not constitute a diligent search for employment in graphic design, and accordingly attributed a minimum wage income to her.

By contrast, in attributing income in the form of contributions from the cohabiting boy friend, the judge did not make the findings necessary for a determination that those contributions constitute the mother's income for purposes of child support. "Additional findings that would aid our analysis include, but are not limited to, . . . the lack of an obligation of the mother's [boy friend] to support the children, the manner in which the mother's and the children's lifestyles are altered by these funds, the discretion that the mother's [boy friend] maintains in payment of these funds, and the manner in which the mother would support her household absent these funds." Murray, supra.

Accordingly, the portion of the judgment increasing child support likewise must be vacated.

Disposition of contempt complaints. We briefly address the judge's disposition of two complaints for contempt alleging first, the father's failure to pay $63,000 in alimony, and second, the failure to pay $33,000 from the father's retirement accounts. In light of the modification judgment, as amended, in

which the judge found that the father made no alimony payment in 2013, and that the father owes the mother an additional $33,000 in retirement assets, and in light of our conclusion that the father's alimony obligation was terminated in error, on remand the judge also must reconsider these two complaints and determine whether the father's financial obligations constitute a clear and unequivocal command, and whether the record contains clear and convincing evidence of the father's failure to pay. See Birchall, petitioner, 454 Mass. 837, 851 (2009).

Conclusion.  For the reasons stated, so much of the modification judgment, as amended, as terminates alimony, modifies the child support obligation, and disposes of the contempt complaints regarding the failure to pay alimony and the failure to pay retirement assets, is vacated and the matter is remanded for further proceedings consistent with this opinion. In all other respects, the modification judgment, as amended, is affirmed.  Pending final disposition, the child support and the alimony obligations set forth in the parties' judgment of divorce shall remain in effect without prejudice.  The parties' requests for appellate attorney's fees are denied.

So ordered.